**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-6869**

———————

SHAWN GERMAINE FRALEY,

        Plaintiff - Appellant,

    v.

CAPTAIN TANA HILL-DILLARD; SERGEANT TERRANCE T. DANCE,

        Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-ct-03223-D)

———————

Submitted:  July 26, 2024                       Decided:  August 1, 2024

———————

Before WILKINSON and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Shawn Germaine Fraley, Appellant Pro Se. John Locke Milholland, IV, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Germaine Fraley appeals the district court's judgment entered pursuant to the jury's verdict for the defendants in this civil case. Liberally construing Fraley's informal brief, he presents two arguments on appeal: (1) the evidence presented at trial entitled him to entry of judgment as a matter of law, and (2) the district court erred by failing to provide the jury with certain video recordings.[1] We affirm.

Fraley first argues that the trial evidence requires a verdict in his favor. Because Fraley did not comply with Fed. R. Civ. P. 50 in the district court, however, he may not now raise this argument on appeal.[2] *See Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 154 (4th Cir. 2012) ("To challenge the sufficiency of the evidence in a civil jury trial on appeal, a party must comply with Federal Rule of Civil Procedure 50.").

Fraley also contends that the district court erred by failing to provide the jury with certain video recordings. But Fraley did not move for the admission of those recordings during trial. So the district court cannot have erred by failing to admit them. *See Bristol*

---

[1] Fraley also complains that he has not received an MRI since the use-of-force incident underlying his complaint. But Fraley's complaint did not allege a claim for failure to provide medical care, and "this court does not consider issues raised for the first time on appeal, absent exceptional circumstances," which are not present here. *Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 928 (4th Cir. 2022) (internal quotation marks omitted).

[2] Even if Fraley could pursue his sufficiency of the evidence argument on appeal, we would reject it based on our review of the trial evidence. *See Alexander v. Connor*, 105 F.4th 174, 182 (4th Cir. 2024) (describing elements of Eighth Amendment excessive force claim); *Wiener v. AXA Equitable Life Ins.*, 58 F.4th 774, 784 (4th Cir. 2023) (explaining standard of review for preserved challenge to sufficiency of evidence under Fed. R. Civ. P. 50(b)).

*Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 189-90 (4th Cir. 1994) (recognizing that party could not complain about district court's refusal to submit documents to jury when that party never moved for their admission during trial).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*